UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PUCHETA, | 1: 06 CV 00057 OWW WMW HC |
| Petitioner, | ORDER GRANTING PETITIONER OPPORTUNITY TO WITHDRAW UNEXHAUSTED CLAIMS AND PROCEED WITH REMAINING EXHAUSTED CLAIMS |
| v. | |
| M. S. EVANS, | Response due in ten days |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

On January 16, 2008, the undersigned entered findings and recommendations to grant the motion to dismiss, finding that the petition contained both exhausted and unexhausted claims, and granting Petitioner thirty (30) days to file objections. Petitioner has not filed objections.

Pursuant to Ninth Circuit holdings, a petitioner should be given the option of withdrawing his unexhausted claims and proceeding in federal court with those claims that are exhausted. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988), citing, Rose v. Lundy, 455 U.S. 510, 520 (1982).

However, should Petitioner abandon his unexhausted claims, any later attempt to amend the petition to include newly exhausted claims may be subject to an abuse of the writ challenge.  See McCleskey v. Zant, 111 S.Ct. 1454 (1991); Rose v. Lundy, 455 U.S. 455 U.S. 510, 520-521 (1982); see also, Rule 9(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2254 (failure to allege all available grounds for relief in a single petition may be abuse of the writ).  Should the Petitioner fail to withdraw the unexhausted claims or withdraw the petition, the petition will be dismissed. Rose, 455 U.S. at 519; Guizar, 843 F.2d at 372.  This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995).  However, Petitioner should bear in mind that 28 U.S.C. § 2244(d) sets out a critical one-year limitations period within which a federal habeas petition may be filed.  In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review.  See, id.  Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

The Court HEREBY ORDERS:

1. Petitioner is GRANTED ten (10) days from the date of service of this order to inform the Court whether he seeks to withdraw the unexhausted claims and proceed with those that are exhausted *or* withdraw the entire Petition and return to state court to exhaust those claims that are unexhausted.   The Court will delay ruling on the pending motion to dismiss in order to allow Petitioner to consider his alternatives.  If Petitioner does not timely respond to this order, the entire petition will be dismissed.

IT IS SO ORDERED.

Dated:    March 5, 2008              /s/  William M. Wunderlich
                                     UNITED STATES MAGISTRATE JUDGE